IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Kurtino Weathersbee,<br><br>Plaintiff,<br><br>v.<br><br>Director Moses Cheatham; Nurse Gerri Gillespie; and Southern Health Partners, Inc.<br><br>Defendants. | ) | C/A No.: 5:25-01267-JD-KDW<br><br><br><br>REPORT & RECOMMENDATION |

Plaintiff Kurtino Weathersbee, a pretrial detainee, initially filed this against pursuant to 42 U.S.C. § 1983 against named Defendants Moses Cheatham and Nurse Gerri Gillespie.[1] Later, Plaintiff amended his Complaint to add Southern Health Partners, Inc ("SHP"). ECF No. 81. This matter is before the court on Gerri Gillespie's Motion to Quash Service and/or Dismiss. ECF No. 133. Plaintiff filed his Response on June 1, 2026. ECF No. 145. Defendant Gillespie filed a Reply on June 8, 2026. ECF No. 154. All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Local Civil Rule 73.02(B)(2), D.S.C, which provides for all pretrial proceedings in certain types of matters be referred to a United States Magistrate Judge. This matter is now ripe for review.

I. Background

As alleged in his Complaint, Plaintiff contends Defendants deprived him of medical, dental and emergency care. Specifically, he alleges he was denied dental services, because he was unable to pay for them prior to receiving the services. Plaintiff alleges this is not a traditional or standard

[1] Within Defendant's Motion, the Defendant is identified as both "Gerri" and "Geri."

policy, and he was intentionally denied and/or encountered delayed access to dental treatment. Plaintiff alleges he was forced to pay for antibiotics, sick call visits and pain medication as a substitute for emergent treatment. Plaintiff alleges that he has experienced extreme tooth pain, and now his tooth is so decayed that it will need to be completely removed.

After Plaintiff attempted service on Defendant Gerri Gillespie, the summons was returned unexecuted on July 24, 2025. ECF No. 17. The court then entered an order, dated August 14, 2025, advising Plaintiff that he had until August 28, 2025 to serve Defendant Gillespie. ECF No. 20. Then on November 21, 2025, Plaintiff filed a Motion to Extend Service of Process, ECF No. 53, seeking additional time to serve Defendant Gillespie. This court mooted his Motion, because the court had previously extended the deadline to serve Defendant Gillespie through January 17, 2026. *See* ECF Nos. 44; 59. On January 12, 2026, the court received an executed USM-285 for Defendant Gillespie, purportedly showing that she had been served and her answer was due January 6, 2026. ECF No. 104. On March 19, 2026, Gillespie filed this Motion, appearing specially and in a limited capacity seeking to quash service and/or dismiss her from this action pursuant to Federal Rule of Civil Procedure 12(b)(4) and (5).

II. Standard of Review

Defendant Gillespie has moved to quash service and/or dismiss this action against her for defective service. Federal Rule 12(b)(4) concerns the sufficiency of the form of the process, rather than the manner or method by which it is served. Federal Rule 12(b)(5) challenges the mode of delivery of lack of delivery of the summons and complaint. Under Rules 12(b)(4) and (5), a defendant can move to dismiss a complaint where service of process failed to comply with the requirements of Rule 4 of the Federal Rules of Civil Procedure. *See* Fed. R. Civ.P. 12(b)(4), (5). A plaintiff is responsible for having the summons and complaint served within the time allowed

by Rule 4(m) and must furnish the necessary copies to the person who makes service. *See* Fed. R. Civ. P. 4. Rule 4(m) also provides that if a defendant is not served with the pleadings within 90 days after the complaint was filed, the defendant must be dismissed without prejudice. However, if a plaintiff shows good cause for the failure to make service within the specified time frame, the court must extend the time for service. Fed. R. Civ. P. 4(m).

Here, Plaintiff attempted to serve an individual, Defendant Gerri Gillespie. An individual may be served in a judicial district of the United States by: (1) following state law for service; or (2) accomplishing service by either delivering a copy of the summons and of the complaint to the individual personally; leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or delivery a copy of each to an agent authorized by appointment or by law to receive service of process. *See* Fed. R. Civ. P. 4(e). South Carolina allows for individuals to be served by delivering a copy of the summons and complaint to him or her personally or by leaving copies at his or her dwelling house or usual place of abode with some person of suitable age and discretion residing there, or by delivering a copy to an agent authorized by appointment or by law to receive service of process. *See* S.C. R. Civ. P 4(d)(1). South Carolina also allows service of process to be accomplished by certified mail. The applicable rule provides that service may be made by a plaintiff or any person authorized to serve process by registered or certified mail, return receipt requested and delivery restricted to the addressee. S.C. R. Civ. P. 4(d)(8). Noncompliance with Rule 4 of the Federal Rules of Civil Procedure does not mandate dismissal where the necessary parties have received actual notice of a suit and where they have not been prejudiced by the technical defect in service. *See Karlsson v. Rabinowitz,* 318 F.2d 666, 668–69 (4th Cir.1963) (upholding service upon the defendant's wife at a home to which the defendant never intended to return).

Additionally, as is the case here, when a district court permits the plaintiff to file *in forma pauperis* ("IFP"), the district court must direct the United States Marshals Service to effectuate service of process. 28 U.S.C. § 1915(d); Fed.R.Civ.P. 4(c)(3); *see Robinson v. Clipse,* 602 F.3d 605, 608 (4th Cir.2010) (*"In forma pauperis* plaintiffs must rely on the district court and the U.S. Marshals Service to effect service of process according to 28 U.S.C. § 1915."). However, the plaintiff must provide sufficient information to locate the defendant with "reasonable effort." *Richardson v. Johnson,* 598 F.3d 734, 738–40 (11th Cir.2010); *see also Graham v. Satkoski,* 51 F.3d 710, 713 (7th Cir.1995) (stating that "[i]f the Marshals Service could have obtained the new addresses of the defendants with reasonable efforts, the marshals' failure to serve process was 'good cause' for purposes of 4(m)," excusing the plaintiff's failure to timely serve the defendants).

III. Analysis

Defendant Gillespie asserts Plaintiff failed to achieve proper service or service of process, arguing that the Proof of Service document is facially deficient and defective. Plaintiff argues that through no fault of his own, he was unable to effectively serve Defendant Gillespie. Because Plaintiff filed suit in this case IFP, this court reviewed his pleading and issued an order authorizing service. *See* ECF No. 10. On July 24, 2025, a summons was returned unexecuted as to Defendant Gillespie. ECF No. 17. This court issued an order advising Plaintiff that Defendant Gillespie may be dismissed as a party if she is not served, and sua sponte extended the time of service through August 28, 2025. ECF No. 20. After Plaintiff provided proposed service documents to the court, summons was against reissued for Defendant Gillespie on November 17, 2025. ECF No. 45. When the summons was reissued, the court extended the deadline for service through January 17, 2026. ECF No. 44. For this reason, when Plaintiff filed a Motion to Extend Service of Process on November 21, 2025, the request was denied as moot because the court had previously extended

the deadline. *See* ECF Nos. 53; 59. On January 12, 2026, a Form USM-285 was filed with this court, purporting to show that Defendant Gillespie had been served via certified mail on December 16, 2025. ECF No. 104.[2]

The Form USM-285 was filled out by Plaintiff. He listed Defendant as "Nurse Gerri Gillespie Southern Health Partners" and the address to serve as "Southern Health Partners: CEO; Jennifer Hairsine, 2030 Hamilton Place Blvd., Chattanooga, TN 37421." *See* ECF No. 104. In the box provided for special instructions, he wrote "CEO: Jennifer Hairsine Clerk: Hanna.Bishop@southernhealthpartners.com 423-553-5632 – Supervisor/CEO: Jennifer Hairsine." ECF No. 104. The remarks on the Form USM-285 note "executed by certified mail." ECF No. 104. The attached certified mail receipt shows that a "Kaleigh Davis" signed for the mailing. ECF No. 104. She did not mark either box for "agent" or "addressee." ECF No. 104.

There are several apparent issues identified with the Receipt of Service and service generally in this case. First, a review of the certified mail receipt itself reveals that while an individual signed for service, it was not the intended recipient for the service documents, nor did Ms. Davis identify herself as an agent of Defendant Gillespie (or of SHP). *See, e.g., Redding v. Sun Printing Inc.*, No. 5:12-CV-2113-JMC, 2013 WL 2149685, at *2 (D.S.C. May 16, 2013) (finding invalid service where service on a corporation was attempted by serving someone who was not authorized to accept service, regardless of allegations by the process server that the individual acknowledged he was the registered agent). Moreover, according to Defendant

---

[2] The South Carolina rule for service authorizing service by registered or certified mail, specifically states that there must be a return receipt requested and delivery restricted to the addressee. *See* S.C. R. Civ. P. 4(d)(8). At the outset, Plaintiff did not attempt to serve Defendant Gillespie personally via certified mail. Instead, he listed the "c/o Jennifer Haisine," (listed as Hairsine on the Process Receipt and Return), the CEO of SHP. *See* ECF No. 104; 133-2 at 2, 4. Even so, the certified mail receipt identifying Ms. Hairsine as the recipient was signed by an entirely different individual, Ms. Davis.

Gillespie, she was previously employed at SHP. However, because Defendant Gillespie was no longer employed by SHP at the time of service,[3] Plaintiff's attempt to serve her through a "supervisor" or other employee of SHP is defective, as no relationship existed between SHP and Gillespie. *See* Def.'s Motion at 4. *Ross v. Voncannon*, No. 3:09-CV-385, 2010 WL 2103440, at *8 (E.D. Tenn. May 21, 2020) (finding that the agent of a corporation was not authorized to accept service for an individual who resigned prior to the attempt at service on the agent). It is therefore clear to the undersigned that Plaintiff failed to direct service to the proper individual and failed to do so in a timely manner.

Plaintiff argues that due to no fault of his own, service was defective. However, he provides no true basis for this argument, as Plaintiff provided the information on the service documents for attempted service on Defendant Gillespie. Plaintiff named her as a Defendant as early as February 28, 2025. Plaintiff initially sought to serve her at an address for her former employer in North Carolina, which was an invalid address for SHP. *See* Pl.'s Br. at 2; ECF No. 145; *see also* ECF No. 17 at 1. Plaintiff was then provided multiple extensions of time to serve Defendant Gillespie, ultimately resulting in an initial deadline of August 6, 2025 through January 17, 2026, approximately 5 months later. *See* ECF Nos. 20; 44; 59. While Plaintiff now argues that good cause exists because he diligently attempted service, the undersigned notes that his efforts at diligence consisted of attempted service upon her former employer at two different locations. Plaintiff notes that Defendant Gillespie now has "attorneys appearing on her behalf," and other courts have issued orders instructing counsel to provide Defendant's address, citing to *Horry v. Cardenas*, No. 23-CV-02084-DCC-BM, 2024 WL 4186070 (D.S.C. June 12, 2024), a case where after a plaintiff's initial attempt at service was improper, the court issued an order instructing

[3] Plaintiff does not dispute this fact.

counsel for the defendants to provide the last known address of each Defendant. In *Cardenas*, counsel that filed the motion to dismiss filed a status report, stating that they reviewed the personnel files of the other defendants to obtain their addresses. *See Horry v. Cardenas*, No. 23-CV-02084-DCC-BM, ECF No. 50. Plaintiff thus requests that this court issue an order advising counsel to provide the last known address of Defendant Gillespie so that he can attempt proper service.[4] The court notes that here, Plaintiff has now unsuccessfully attempted service twice on Defendant Gillespie. In her Reply, Defendant argues that Plaintiff has failed to establish good cause for this court to attempt service for a third time on Defendant Gillespie.

In *Anderson v. Dorchester County*, No. 2:20-CV-2084-DCN-MGB, 2021 WL 1186637 (D.S.C. Mar. 30, 2021), a defendant filed a motion to dismiss arguing that a plaintiff's purported service was ineffective because a copy of the Summons and Complaint were not delivered to the CEO of a school district. The district court dispensed with the "good cause" inquiry under Rule 4(m) because, even in the absence of good cause, justice weighed "heavily against dismissal for two reasons." *Anderson*, 2021 WL 1186637 at 4. First, the court pointed out that the prevailing purpose of service is to ensure a defendant has notice of a lawsuit filed against them. *Id.* (citing *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). The court considered the fact that this defendant had been "active in the litigation every step of the way." *Id.* Second, the court noted that the defect in service was "highly technical" and does not warrant a dismissal for the defendant "years into this lawsuit." *Id.*

---

[4] Plaintiff further argues that this will prevent Defendant Gillespie from being able to circumvent the judicial system due to her "evading the service of process." Pl.'s Br. at 6. To be clear, there is no evidence before this court that Defendant Gillespie is evading service. The evidence before the court reveals that Plaintiff has not effected good service on Defendant, through no fault of Defendant Gillespie.

Defendant distinguishes the case at hand from *Anderson* by arguing that Plaintiff has had ample time and opportunity to serve Defendant Gillespie, and that she would be prejudiced by Plaintiff receiving additional time to serve Defendant Gillespie. Further, Defendant points out that the burden is upon Plaintiff, rather than counsel for Defendant Gillespie or SHP, to identify a proper service address for Defendants.

The docket indicates Defendant Gillespie was "served" on December 16, 2025, making her responsive pleading due January 6, 2026. *See* ECF No. 104. She did not appear in this action for the limited purpose of filing a Motion to Quash until this court issued an order on March 12, 2026, *see* ECF No. 125 at 2, noting service on Defendant Gillespie. *See* Def.'s Motion at 3. The court has the discretion to dismiss a case under Rule 12(b) (5) for insufficient service of process. *Reinhold v. Tisdale,* 8:06–3311–MBS–BHH, 2007 WL 2156661, at *3 (D.S.C. Apr.30, 2007) (citing *Dimensional Comm'ns, Inc. v. OZ Optics, Ltd.,* 218 F.Supp.2d 653, 655 (D.N.J.2002)), *report and recommendation adopted by* 2007 WL 2173368 (D.S.C. July 26, 2007). "Ordinarily, dismissal is proper when there is prejudice to the defendant or where proper service is unlikely to be accomplished." *Id.* (citing *Curcuruto v. Cheshire,* 864 F.Supp. 1410, 1411 (S.D.Ga.1994)). However, absent prejudice to the defendant and when service can be accomplished, courts generally will quash the insufficient service and allow a plaintiff to perfect service. *Id.*

The facts before this court are a closer call than in *Anderson*. Plaintiff filed this action well over a year ago. Plaintiff's first attempt at service on Defendant Gillespie was via her former employer SHP (another defendant in the case) at an office in North Carolina. *See* ECF No. 17. His second attempt to serve Defendant Gillespie was at a different office location for her former employer in Tennessee. Despite SHP appearing in this lawsuit on January 6, 2026, Plaintiff never sought an order from this court to assist him in getting relevant contact information for Defendant

Gillespie. To the contrary, Plaintiff knew that Defendant Gillespie was no longer employed with SHP, yet he chose to continue to try and serve her at another office location for SHP. *See* Affidavit in Support of Motion to Extend Service at 1, ECF No. 53-1. ("It appears Defendant is evading process and/or cannot be located and served process due to termination of her employment at the location and address of said company."). Plaintiff further advised the court that he had "summons out for service at this time beginning on or about August 20, 2025 with attempt being made at Defendant's former registered business address, home of the Defendant's former registered agent and CEO and Vice President of South Health Partners Inc." *See* ECF No. 53-1 at 2. Plaintiff apparently felt satisfied with the contact information he had for Defendant and did not seek the court's assistance in serving her until this late juncture. At the same time, Plaintiff is currently incarcerated and given that Defendant Gillespie no longer worked at the facility where he was housed, it is doubtful that Plaintiff will be able to obtain updated information on Defendant Gillespie's whereabouts.

The court is cognizant of Defendant Gillespie's argument that she will suffer prejudice if the court does not quash service, as the other named Defendants already had the opportunity to engage in discovery and file dispositive motions, which are now pending final ruling by a district judge. However, the court can amend the scheduling order to provide Defendant Gillespie the same opportunity. It was the actions of this court, not Plaintiff, in its footnote in a previous order that Defendant Gillespie had purportedly been served, that prompted her appearance. At the same time, Plaintiff has made attempts at service with the only information he had at his disposal, given his incarcerated status and the fact that he has limited service available to him. Further, the undersigned is aware of the fact that Defendant Gillespie's former employer, SHP, represented by counsel, had actual notice of the lawsuit. That same counsel represents Defendant Gillespie for the

limited purpose of filing this motion, as well. *See generally Collins v. Southern Health Partners*, No. 8:18-CV-1811-MGL-JDA, 2018 WL 6980929, at *4 (D.S.C. Dec. 7, 2018), *report and recommendation adopted*, No. CV8:18-CV-01811-MGL-JDA, 2019 WL 132876 (D.S.C. Jan. 8, 2019) (indicating that counsel represented other defendants and should inform the court whether she would accept service or provide a current or last known address).

Accordingly, upon careful review, the undersigned recommends granting Defendant Gillespie's Motion to Quash Service, ECF No. 133, but denying the requested relief to dismiss this action against her. Further, the undersigned recommends that this court should direct counsel to advise the court in writing within the time period for filing objections to this R&R as to whether they are authorized to accept service on behalf of Defendant Gillespie or notify the court in writing, filed under seal, of the current or last known address for Defendant Gillespie. If the district court adopts this Report, and counsel advises the court that they are not authorized to accept service, a separate order will be issued directing service on Defendant.

IT IS SO RECOMMENDED.

August 3, 2026
Florence, South Carolina

Kaymani D. West
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. [I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 2317**
**Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).